No. 2344
Second Circuit Appeal

HERMAN B. ELLIS v. OIL FIELDS GAS COMPANY, INC.

(June 30, 1925, Opinion and Decree.)
(July 23, 1925, Remanded for new trial.)

(*Syllabus by the Editor.*)

1. **Louisiana Digest—Appeal—Par. 625; Master and Servant—Par. 159, 160 (I).**
The finding of the District Judge as to a matter of fact, namely, the injury of plaintiff, who sued under the Employers' Liability Act No. 20 of 1914, not being manifestly erroneous, is affirmed.

(ON APPLICATION FOR REHEARING)

2. **Louisiana Digest—Master and Servant —Par. 160 (I), 160 (j).**
Under Section 18, paragraph 4 of Act 20 of 1914, the Workman's Compensation Act, where there was not sufficient evidence to give a final judgment rejecting the plaintiff's demand, the Court of Appeal on an application for a rehearing, may remand the case to a new trial.

Appeal from First Judicial District Court of Louisiana, Parish of Caddo, Hon. T. F. Bell, Judge.

This is a suit for compensation under Employers' Liability Act No. 20 of 1914.

There was judgment for plaintiff and plaintiff appealed.

Judgment affirmed.

Huey P. Long, of Shreveport, attorney for plaintiff, appellant.

Thigpen, Herold, Lee & Cousin, of Shreveport, attorneys for defendant, appellee.

REYNOLDS, J. In this case plaintiff, Herman B. Ellis, is seeking to recover from defendant, Oil Fields Gas Company, Inc., compensation under the Workmen's Compensation Act at the rate of $18 per week during his disability, not exceeding 400 weeks, and the further sum of $250 for medical and hospital expenses incurred, for an injury alleged to have been received by him in the region of and below the left shoulder blade on May 12, 1924, in the course of his employment by defendant.

Defendant denied that plaintiff was injured to the extent alleged and denied liability for compensation.

The case was tried and there was judgment in favor of plaintiff and against defendant for compensation at the rate of $18 per week for and during a period of five weeks, beginning May 12, 1924, with legal interest on each weekly payment from its maturity until paid. Plaintiff appealed.

OPINION

The question to be determined in this case is was plaintiff injured as alleged in his petition and was his condition the

result of the injury sustained by him on May 12, 1924.

Plaintiff complained at the time of the injury that he had been struck and injured on the left side of his back below the left shoulder blade.

Doctor G. G. McKeller who was called in as a physician and administered to plaintiff within thirty minutes after the accident to him, testified, page 32:

"Q. Doctor, where did this joint of pipe, or whatever it was strike Mr. Ellis? Where was his injury?
"A. He was complaining of pain just underneath the left scapula when I saw him, over the ribs.
"Q. Over the ribs on the left side?
"A. Yes, sir.
"Q. That is just beneath the left shoulder blade?
"A. Yes, sir.
"Q. Did his body have any indications on it?
"A. No bruises; some redness over that area.
"Q. Was there any redness over any other area?
"A. I did not notice any.
"Q. Then at that time he was complaining of having been struck by a falling pipe on the left side just below the left shoulder blade?
"A. That is where he was complaining of.
"Q. Did the red area indicate that fact?
"A. Yes, sir, was my idea he was struck —my idea he struck the railroad tie when he fell that caused that, I did not notice anything on the right side in the shape of a red spot·or bruise. I never noticed any.

(Page 33):

"Q. How long did you treat Mr. Ellis, doctor?
"A. I saw Mr. Ellis that day of course and again on the 17th and 25th of the same month.
"Q. Just what was the nature of the treatment you gave him when you first went to see him?
"A. I gave him a sedative and strapped the chest, his back and chest.
"Q. On the 17th where did you see him?
"A. At my office.

"Q. Did you make an examination then?
"A. Yes, sir.
"Q. What did you find at that time?
"A. Well, he still complained ·of some soreness over that area on the left side and back.
"Q. Left side?
"A. Yes, sir.
"Q. A slight soreness or considerable?
"A. Nothing marked, but some soreness.
"Q. On the 25th of May did you examine him that day?
"A. Yes, sir.
"Q. What did you find then?
"A. Well he was apparently recovered, it seemed.
"Q. Did you on that occasion advise him with reference to going to work again?
"A. He asked what about going to work and I told him if he felt like it, I thought he was able to go to work, that is about what I told him.

(Page 34):

"Q. When you examined him on the 12th of May, 1924, just after the injury was received, state the nature of the injury from the standpoint of suffering? Were any. bones broken?
"A. I did not think so, my idea of the case was only a temporary condition, simply bruised by the pipe falling and striking him or his striking the railroad tie.
"Q. That was on the left side?
"A. Yes, sir, just below the left shoulder blade.
"Q. Did your examination of him at that time indicate a severe bruise or a slight bruise?
"A. Well I would not say that it was so severe, no blue spot.
"Q. No discoloration other than a slight redness?
"A. That is all."

Plaintiff is now seeking to recover more compensation than he was allowed by the court under the testimony of Doctors S. C. Barrow and G. H. Cassity as to the condition claimed to exist on the right side of his back.

The testimony of Doctor McKeller is corroborated by that of Doctor Louis Abramson who made a physicial examination of plaintiff and testified, page 43:

"Q. Doctor, just state to the court, the nature of your examination and what you found?

"A. I made a physical examination of him, took off his shirt and examined his back, examined his heart, lungs, had the urine examined, had the blood examined, had an x-ray made of the lower portion of the back and pelvis, and I could not find anything to account for the symptoms.

"Q. You found nothing wrong with him?

"A. Not as far as I was able to ascertain.

(Page 44):

"Q. What have you to say with reference to the spinal column, lower portion, third to first lumbar vertebrae, with reference to being drawn to right side or the left side?

"A. I did not find it so.

"Q. Did the x-ray taken at your sanitarium show any such condition?

"A. No, sir.

"Q. Doctor, what have you to say with reference to the muscles?

"A. The muscles are normal, as far as I know, or was able to find out.

"Q. Did your examination show, that in the area referred to that they were drawn to the right?

"A. No, sir.

"Q. Could you find anything wrong with this plaintiff, from your examination?

"A. No, sir.

In addition to this testimony, the District Judge who saw the plaintiff stripped and physically examined in open court, says, in a written opinion filed in this case:

"We feel fairly sure that plaintiff is suffering to some extent (just how much we do not know), but there is no connection shown in the evidence between the muscle spasm on the right side of the small of the back and a blow received under the left shoulder blade. We would feel inclined to reopen the case if we could place any confidence in plaintiff's testimony, but we cannot come to the conclusion that he has dealt fairly and honestly in the matter. He has played his cards too strong."

Under the evidence we cannot say that the finding of the District Judge was manifestly erroneous.

For the reasons assigned, it is ordered, adjudged and decreed that the judgment appealed from be affirmed.

ON APPLICATION FOR REHEARING.

CARVER, J. Our re-examination of the record in this case has convinced us that while the evidence is not sufficient either as to the fact or the extent or the cause of plaintiff's injury and disability, if any, to warrant judgment in his favor, yet neither is it sufficient to show that he did not receive an injury compensable under the workmen's compensation law, and therefore that a final judgment rejecting his demand should not have been rendered.

We think the purposes of justice will be subserved by ordering another trial in the District Court.

We think that under subsection 4 of section 18 of the workmen's compensation act, a part of which reads as follows:

"The judge shall not be bound by the usual common law or statutory rules of evidence or by any technical or formal rules of procedure other than is herein provided."

It will not be necessary to grant a rehearing and hear the case again in this court before making the proper modification but think that it can be done at once. It is decreed that the judgment heretofore rendered by this court and that by the District Court be set aside and the case is remanded for a new trial.